IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SYLVESTER O. BARBEE                                                                      PLAINTIFF

           v.                              Civil No. 09-6112

LT. DUBOISE, Ouachita River
Correctional Unit (ORCU); LT.
DANIELS, ORCU; MAJOR
WARNER, ORCU; MRS. D. YOUNG;
and FRED HARRIS, Chief of Pharmacy                                                      DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Sylvester O. Barbee (hereinafter Barbee), filed this action pursuant to the provisions

of 42 U.S.C. § 1983.  He proceeds *pro se* and *in forma pauperis.*  Currently pending before me for

report and recommendation is a motion to dismiss (Doc. 21) filed pursuant to Federal Rule of Civil

Procedure 12(b)(6) by Separate Defendant Dream Redic-Young (hereinafter Young).  Barbee filed

a response to the motion (Doc. 37).  The motion is ready for decision.

1. **Background**

According to the allegations of the complaint, on August 16, 2009, Nurse Daniels dispensed

to Barbee an un-prescribed pill.  (Doc. 2 at pg. 4).  When he told the Health Services Administrator,

Young, that he objected to the confiscation of the pill because he intended to use it as evidence in

a different federal case, Barbee states it resulted in his being "utterly disrespected" in a prejudiced

manner by Nurse Daniels, her husband, Lieutenant Daniels, and Lieutenant Duboise (hereinafter

Deboise).  *Id.*

Barbee alleges he submitted a grievance against Duboise and on August 25, 2009, when he

was discussing the grievance with the problem solver, Lieutenant King (hereinafter King), he asked

for his complaint to be reviewed by a higher authority.  (Doc. 2 at pg. 4).  In response, Barbee

-1-

indicates he was locked down for five and a half hours.  *Id.*  He then submitted a grievance about

King.  *Id.*

On August 26, 2009, when he went to the infirmary for an "updraft" treatment, Barbee

maintains Nurse Hughes treated him in a prejudicial manner and stated he needed to be denied his

treatment and locked up.  (Doc. 2 at pg. 4).  He immediately submitted a grievance about Hughes.

*Id.*

He also maintains Hughes unlawfully charged him for chronic care on August 25th.  (Doc.

2 at pg. 4).  Barbee indicates he reported the unlawful act to Young and she "advocated it."  *Id.*

On September 3, 2009, Barbee indicates his cell-mate, Eric Williams, an acquaintance of

Lt. Daniels, fabricated a motive to be transferred to another barracks.  (Doc. 2 at pg. 5).  Lt. Daniels

was called down to the barracks and ended up locking Barbee down.  *Id.*  Barbee then submitted a

grievance on Lt. Daniels.  *Id.*  Barbee contends he was being retaliated against because of the

grievance he submitted on Nurse Daniels.  *Id.*  Later in the day on September 3rd, Barbee states he

was informed by Major Warner that he was under investigation and "sexual charges" might be

brought against him.  *Id.*  Barbee states he immediately put a grievance on Warner for threatening

him.  *Id.*

On September 8, 2009, Barbee states he received a disciplinary for indecent exposure and

failure to obey a verbal or written order by staff.  (Doc. 2 at pg. 5).  On September 11th, he had a

disciplinary hearing and the charges were dismissed after "factual evidence was reviewed."  *Id.*

Barbee states he was still confined to isolation, was losing weight due to a lack of humidity and poor

air circulation, and suffering from an allergic respiratory disorder.  *Id.*  He alleges the nurses at the

ORCU were deliberately neglecting his prescribed medication for his respiratory disorder.  *Id.*

On September 13th, Barbee states he was transferred to the Maximum Security Unit, on the

orders of Warner because Barbee was labeled a security threat. (Doc. 2 at pg. 5). Barbee asserts he was "incompetently stereotyped" and had not been charged or convicted of any offense or disciplinary suggesting he was a threat to security. *Id.* Barbee alleges that King, Duboise, Hughes, Lt. Daniels and Warner all retaliated against him. (Doc. 8 at pg. 12).

2. **Applicable Standard**

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal,* ___ U.S. ___, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 129 S. Ct. at 1949. The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, (2007), or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. *See Twombly*, 127 S. Ct. at 1965 ("And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.")(quotation marks and citation omitted). *See also Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

"Several principles guide us in determining whether a complaint meets [the plausibility] standard. First, the court must take the plaintiff's factual allegations as true. This tenet does not

apply, however, to legal conclusions or formulaic recitation of the elements of a cause of action; such allegations may property be set aside." *Braden*, 588 F.3d at 594 (citation omitted).  Additionally, "some factual allegations may be so indeterminate that they require further factual enhancement in order to state a claim." *Braden*, 588 F.3d at 594 (quotation marks and citation omitted).

"Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950 (citation omitted).  In determining whether the well-pleaded, non-conclusory, factual allegations would give rise to a plausible claim, the "complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594.  The "evaluation of a complaint upon a motion to dismiss is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  *Id.* (*quoting Iqbal*, 129 S. Ct. at 1950).

3.  **Discussion**

In this case, Barbee only challenges two actions taken by Young.  First, she turned the prescription pill, that was given to Barbee in error, over to another nurse to determine what the medication was. Second, she was aware of, and approved of, Barbee being charged a co-pay for chronic care.  Young maintains these allegations fail to state a claim upon which relief may be granted.

In opposition, Barbee argues that Young is responsible for her subordinate who knowingly gave him the wrong medicine.  With respect to the imposition of a co-pay, Barbee maintains the inmate handbook clearly provides that no fees are to be charged for chronic care

Under the Eighth Amendment's proscription against cruel and unusual punishments,' prison officials are obligated to provide "inmates in their custody with medical care."   *Plemmons v. Roberts*, 439 F.3d 818, 823 (8th Cir. 2006).  To prevail on an Eighth Amendment claim, Plaintiff

must prove that Defendant acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The deliberate indifference standard includes "both an objective and a subjective component:  'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)(*quoting  Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997)).

Young may not be held liable for an action allegedly taken by her subordinate.  Supervisors cannot be held liable under § 1983 on a theory of *respondeat superior*.  *Choate v. Lockhart*, 7 F.3d 1170, 1376 (8th Cir. 1993). "Supervisors can, however, incur liability for their personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference to or tacit authorization of the violative practices." *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010).

In this case, while Barbee may have, on this one occasion, been given an incorrect medication, the fact was discovered before Barbee ingested the medication.  Young was not personally involved in the provision of the medication to Barbee.  Instead, she merely gave the medication to another staff member to determine what medication it was.  No plausible claim is stated.

Next, with respect to Young's advocating the co-pay, no constitutional claim is stated.  While there is a constitutional obligation to provide Barbee with adequate medical care, "as long as the governmental entity ensures that the medical care needed is in fact provided, the Constitution does not dictate how the cost of that care should be allocated as between the entity and the provider of the care. That is a matter of state law." City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 245 (1983)  The Court clearly stated that "the injured detainee's constitutional right is to receive the

needed medical treatment; how the [governmental entity] obtains such treatment is not a federal constitutional question." Id.

Here, Plaintiff has not alleged he was denied medical care. Instead, he only argues he was, in violation of the terms of the inmate handbook, required to pay a portion of the cost for chronic care. No claim of constitutional dimension is stated.

4. **Conclusion**

For the reasons stated, I recommend that the motion to dismiss (ECF No. 21) filed by Separate Defendant Dream Redic-Young be granted and all claims against her dismissed.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of March 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE