IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SYLVESTER O. BARBEE                                                    PLAINTIFF

            v.                         Civil No. 09-6112

LT. DUBOISE, Ouachita River
Correctional Unit (ORCU); LT.
DANIELS, ORCU; MAJOR
WARNER, ORCU; and
FRED HARRIS, Chief of Pharmacy                                         DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Sylvester O. Barbee, filed this action pursuant to the provisions of 42 U.S.C. § 1983.  He proceeds *pro se* and *in forma pauperis.*

The events that are the subject of this action occurred while Plaintiff was incarcerated at the Ouachita River Correctional Unit (ORCU) of the Arkansas Department of Correction (ADC).  While incarcerated at the ORCU, Plaintiff maintains the Defendants retaliated against him for utilizing the grievance process, discriminated against him, deprived him of his medication and/or treatment for a respiratory illness, and falsely confined him under humiliating conditions.  Plaintiff is no longer incarcerated.

Currently pending before me for report and recommendation is a motion for summary judgment (Doc. 64) filed by the Plaintiff.  Separate Defendants Lieutenant Duboise, Lieutenant Daniels, and Major Warner filed a response to the motion (Docs. 68 & 69).

### 1.  Background

According to Plaintiff on August 25, 2009, he was experiencing shortness of breath due to a respiratory disorder.  Plaintiff maintains Lieutenant Duboise threw Plaintiff's "updraft script for asthma" on the ground and using vulgar language stated that Plaintiff better get to the infirmary and

-1-

better be having breathing problems.

On September 3, 2009, Plaintiff maintains that Lieutenant Daniels fabricated disciplinary charges against him and confined him to isolation under humiliating conditions.  Specifically, Plaintiff maintains Lieutenant Daniels charged him with failure to obey an order of staff and indecent exposure to another male offender, Eric Williams.  Plaintiff was eventually found not guilty of these charges.  (Doc. 64 at pg. 35).  The factual basis for the not guilty decision was:  "staff failed to express the findings or evidence relied upon from his investigation in the body of the F-1 report.  No confidential statements were attached." *Id.*

Plaintiff maintains the disciplinary was filed because of problems he had with Nurse Daniels, Lieutenant Daniels' wife.  Plaintiff states he had filed suit against Nurse Daniels and she had been reprimanded.  Plaintiff filed a grievance regarding Lieutenant Daniels' conduct.

That same day, Plaintiff states he asked Major Warner why he was in isolation.  According to Plaintiff, Major Warner stated it was because Plaintiff was under investigation.  Major Warner also indicated he might place "sexual charges" against Plaintiff.  Plaintiff asserts he immediately submitted a grievance on Major Warner.

While he was housed in isolation, Plaintiff maintains he was deprived of his asthma medication numerous times.  Plaintiff states he remained in isolation until September 14, 2009, when he was transferred to a maximum security unit under the guise of being a disciplinary problem "per Major Warner."  (Doc. 64 at pg.  37).  Plaintiff maintains the transfer was in retaliation for his having filed grievances.

### 2.  Summary Judgment Standard

"Summary judgment is proper when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law." *HDC Med, Inc. v. Minntech Corp*., 474 F.3d 543,

546 (8th Cir. 2007).  In ruling on a summary judgment motion, the Court cannot weigh the evidence or resolve disputed  issues of fact in favor of the moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

"[A] disputed fact alone will not defeat summary judgment, rather there must be a genuine issue of material fact.  To be material, a fact must affect the outcome of the suit under the governing law."  *Torgerson v. City of Rochester*, 2011 WL 2135636, *16 (8th Cir. June 1, 2011)(internal quotation marks and citations omitted).

### 3.  Discussion

In order to prevail on a First Amendment retaliation claim, Plaintiff must establish that:  "he engaged in protected activity and that defendants, to retaliate for the protected activity, took adverse action against [him] that would chill a person of ordinary firmness from engaging in that activity."  *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007)(*citing Revels v. Vincenz,* 382 F.3d 870, 876 (8th Cir.2004)).  "The filing of a prison grievance, like the filing of an inmate lawsuit, is protected First Amendment activity."  *Lewis*, 486 F.3d at 1029 (citations omitted).

Courts have recognized that prisoners will inevitability take exception to disciplinary actions and that claims of retaliation may readily be fabricated.  For this reason, it has been noted that claims of retaliation are to be examined with skepticism and care.  *See e.g., Flaherty v. Coughlin*, 713 F.2d 10 (2d Cir. 1983).  In this case, based on the record before me, I cannot say there are no genuine issues of material fact and that Plaintiff is entitled to judgment as a matter of law on his retaliation claims.  With respect to the disciplinary charges made by Lieutenant Daniels, the Court has been provided with what purports to be Eric Williams' affidavit by Plaintiff and with what purports to be his witness statement by Defendants.  The two documents contradict each other.  Additionally, Plaintiff has submitted a transfer request dated September 14, 2009, that indicates the reason for his

transfer was that he was a "discipline problem." (Doc. 64 at pg. 37). However, by affidavit, Major Warner[1] states he believed Plaintiff was in danger because inmates accused of sexual offenses were highly subject to personal attack. (Doc. 68-1 at pg. 2). Major Warner states it was vital Plaintiff be placed in a single-man cell for his personal safety and the only option available was to move Plaintiff to a single-man cell at the Maximum Security Unit in Tucker. *Id.* Clearly, there are genuine issues of material fact as to Plaintiff's claims against Lieutenant Daniels and Major Warner.

Defendants maintain no constitutional claim is stated against Lieutenant Duboise based on his alleged verbal abuse and harassment of the Plaintiff. Defendants ask the Court to utilize its screening function, 28 U.S.C. § 1915A(a), and dismiss this claim.

I agree claims of general harassment or verbal abuse do not state claims of constitutional dimension. *See e.g., McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993)(inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987)(verbal threats and abuse by jail officials did not rise to the level of a constitutional violation); *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985)(being called an obscene name and threatened with adverse consequences unless he cut his hair and shaved does not state a claim of constitutional dimension); *Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985)(use of racially offensive language in dealing with a prisoner does not, by itself, state a claim). However, Plaintiff maintains he was harassed on retaliatory grounds after he submitted grievances. Inmates have a constitutional right to seek redress of grievances. *See e.g., Burgess v. Moore*, 39 F.3d 216, 218 (8th Cir. 1994). The established rule is that "an act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for a different reason, would have been proper." *Madewell v. Roberts*, 909 F.2d 1203, 1206

---

[1] Mark Warner indicates he is currently Deputy Warden at the Cummins Unit of the ADC.

(8th Cir. 1990); *see also  Sanders v. St. Louis County*, 724 F.2d 665, 666 (8th Cir. 1983)("[A]n inmate's constitutional right of access to the courts cannot be impaired, either directly, by intercepting mail or prohibiting contact with an attorney, or indirectly, by threatening or harassing an inmate in retaliation for filing lawsuits").   On the record before me, this claim is not currently subject to dismissal.

### 4.  Conclusion

I therefore recommend that the motion for summary judgment (Doc. 64) filed by the Plaintiff be denied.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of August 2011.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE